T.C. Memo. 1996-178

UNITED STATES TAX COURT

ROBERT R. SKORNIAK AND MARY SKORNIAK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3269-95.                         Filed April 11, 1996.

Robert R. Skorniak, pro se, and <u>Elaine C. Tunzat</u>, for

petitioners.[1]

<u>Catherine J. Caballero</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency in

petitioners' Federal income tax for 1990 in the amount of

$39,705.

The only issue remaining for decision is whether a house

---

[1]  Petitioner Robert R. Skorniak represented himself and petitioner Mary Skorniak at trial.  Elaine C. Tunzat prepared the briefs on behalf of petitioners.

constructed by petitioners during the years 1990 through 1992 was used by them as their principal residence within the time prescribed by section 1034(a).[2]  We hold that it was not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in Salem, Oregon, at the time the petition was filed.  Petitioners filed a joint Federal income tax return for 1990.

As of November 1988, petitioners owned a house (California residence) that was located in San Jose, California (San Jose), and that they occupied as their principal residence.  On January 31, 1990, petitioners sold their California residence for $295,000.

On November 5, 1988, petitioners purchased a house (3395 residence) located at 3395 13th Place S.E., Salem, Oregon (Salem), for $79,788.50.  In November 1988, immediately after their purchase of the 3395 residence, petitioners operated that property as rental property by leasing it to an unrelated third party who occupied it until July 1989.  In July 1989, petitioners vacated their California residence, moved from San Jose to Salem, and, upon their arrival in Salem, resided at the 3395 residence.

In 1989, petitioners purchased for $16,561.50 a vacant lot

---

[2]  All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

(3405 lot) for the purpose of constructing a house on it. The 3405 lot was located at 3405 13th Place S.E., Salem, and adjoined the 3395 residence. During 1990, petitioners began construction on the 3405 lot of a 9,000 square foot, two-story house (3405 house). In November 1990, framing contractors, retained by petitioners, commenced the framing work on the 3405 house. In addition, petitioners retained the services of their son Donald C. Skorniak and the services of Michael D. Friederick, who assisted with various construction work on that house, including (1) installing the plumbing; (2) stuccoing the exterior walls; and (3) sheetrocking, taping, texturing, and painting the interior walls and ceilings.

As of January 31, 1992, the construction work on the 3405 house had not been completed. That work was not completed until May or June 1992. Construction work with respect to the interior of the 3405 house that was in progress during January 1992 and/or was not completed by January 31, 1992, included (1) sheetrocking, taping, texturing, and painting the walls and ceilings; (2) installing the flooring, including carpets and tiles; and (3) installing soffits in the recreation room. Construction work with respect to the exterior of the 3405 house that was not completed by January 31, 1992, included certain unspecified work relating to its outside structure that was done after January 31, 1992, pouring concrete for its front steps that was done during Febru-

ary 1992, pouring concrete for its driveway that was done after February 1992, and installing its garage door that was done during April or May 1992.

As of January 31, 1992, utility services, including water and electricity, were not yet furnished to the 3405 house through any public utility company. On February 20, 1992, Portland General Electric connected the electricity service, and on February 22, 1992, the city of Salem connected the water service, to the 3405 house. On May 20, 1992, the city of Salem conducted the final electrical inspection on the 3405 house and approved the electrical wiring in that house. Although Northwest Natural Gas Company connected the gas service to the 3405 house on January 29, 1992, that service was not used by petitioners until some time after January 31, 1992.

During 1990, petitioner Robert Skorniak (Mr. Skorniak) connected a number 10-gauge wire from the 3395 residence to the 3405 house in order to provide electricity service to that house, and he connected a water pipe from the 3395 residence to the 3405 house in order to provide water service to that house. The number 10-gauge wire that Mr. Skorniak connected to the 3405 house did not provide adequate power for the entire house and was installed primarily for the purpose of operating power tools during the course of the construction of that house. As of January 31, 1992, the only sources for heating the 3405 house

consisted of portable electric heaters and a wood-burning stove located in the basement of the house.

Petitioners resided at and used the 3395 residence before and after January 31, 1992, during the course of the construction of the 3405 house. As of January 31, 1992, and for an unspecified period of time thereafter, petitioners continued to receive mail, their personal possessions, including furniture, were located, and they continued to use the laundry facilities, at the 3395 residence. In June 1992, for the first time since they moved into the 3395 residence in July 1989, petitioners resumed operating that residence as a rental property by leasing it to an unrelated third party.

Petitioners included a Form 2119, "Sale of Your Home", as part of the 1990 Federal income tax return they filed (1990 return) and did not report in that return any gain from the sale of their California residence. That form indicated that (1) petitioners sold their California residence on January 31, 1990; (2) its selling price was $295,000; (3) the selling expenses associated with that sale were $19,711; (4) petitioners' basis in that residence was $61,325; and (5) their realized gain from that sale was $213,964. The Form 2119 included as part of petitioners' 1990 return also indicated that, as of October 15, 1991, petitioners had not replaced their California residence and that they planned to replace it within the "replacement period".

The Internal Revenue Service assigned revenue agent Linda Richards (Ms. Richards) to examine petitioners' 1990 return. That examination focused on petitioners' sale of their California residence and their deferral of the recognition of gain from that sale. In a meeting with Ms. Richards that took place on June 1, 1993, Mr. Skorniak informed Ms. Richards that he moved into the 3405 house in May or June 1992. In January 1994, during a telephonic discussion with Ms. Richards, Mr. Skorniak advised her that he believed that the law with respect to the deferral of gain recognition on the sale of a principal residence was "unfair and that he would do anything that he could to see that it was changed, which would include talking with accountants and legislators."

As of January 31, 1992, petitioners were not using the 3405 house as their principal residence.

                              OPINION

Petitioners bear the burden of proving error in respondent's determination regarding the gain from the sale of their California residence. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners attempted to satisfy their burden of proof in this case through the testimony of Mr. Skorniak, their son Donald

C. Skorniak, and Michael D. Friederick.[3]  We found the testimony of each of those witnesses at times general, vague, conclusory, and/or internally inconsistent.  Those witnesses also contradicted each other with respect to the date of the completion of certain construction work on the 3405 house and the date on which petitioners moved into that house.  We also found their recollection of specific matters relating to those events to be poor or at best hazy.  It is also significant that Mr. Skorniak's testimony concerning when petitioners moved into the 3405 house was inconsistent with prior statements that he had made to Ms. Richards during the course of her examination of petitioners' 1990 return.[4]  Under the circumstances presented here, we are not required to, and we generally do not, rely on the testimony of the witnesses presented by petitioners to sustain their burden of establishing error in respondent's determination relating to section 1034.  See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Section 61(a)(3) provides that a taxpayer must include in

_____

[3]  Although petitioner Mary Skorniak was present during the entire trial, she did not testify.

[4]  We found Ms. Richards credible.

gross income gains derived from dealings in property.  Section 1001(c) generally requires a taxpayer to recognize the entire amount of gain or loss realized on the sale or exchange of property.  With respect to gain realized on the sale of a principal residence, section 1034(a) provides the following exception to that general rule:

> If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.[5]

Section 1034(c)(2) provides that, for purposes of section 1034, a residence any part of which was constructed or reconstructed by a taxpayer shall be treated as being purchased by that taxpayer.

The parties agree that (1) the California residence was petitioners' "old residence" for purposes of section 1034; (2) petitioners sold that residence on January 31, 1990; (3) they realized a gain of $213,964 from that sale; (4) the adjusted sales price of that residence does not exceed the total costs incurred by petitioners in constructing the 3405 house; and (5) they were required to use that house as their principal

---

[5]  Any gain that is not recognized under sec. 1034 reduces the taxpayer's basis in the "new residence".  Sec. 1034(e).

residence on or before January 31, 1992, in order to qualify the gain from the sale of their California residence for nonrecognition under section 1034. The only dispute herein concerns the date on which petitioners first used the 3405 house as their principal residence.

Petitioners contend that they used the 3405 house as their principal residence by January 31, 1992, and that therefore the gain from the sale of their California residence qualifies for nonrecognition under section 1034. Respondent disagrees.[6]

The determinations of whether property (1) is used by a taxpayer as his or her residence and (2) is used as his or her principal residence depends upon all the facts and circumstances. Sec. 1.1034-1(c)(3), Income Tax Regs. For purposes of section 1034, property is "used" by a taxpayer as his or her new residence if that taxpayer physically occupies or lives in that property. United States v. Sheahan, 323 F.2d 383, 386 (5th Cir. 1963); Bayley v. Commissioner, 35 T.C. 288, 295 (1960). A residence is a taxpayer's "principal residence" if it is his or her "chief or main" place of residence, considering all relevant facts, including the amount of time the taxpayer spends at one

---

[6] Respondent determined in the notice of deficiency that the 3395 residence, and not the 3405 house, was petitioners' "new residence" for purposes of sec. 1034 and that, accordingly, petitioners should have recognized the gain realized on the sale of the California residence to the extent that that gain exceeded the purchase price of the 3395 residence.

residence as opposed to another.  See <u>Stolk v. Commissioner</u>, 40 T.C. 345, 351, 356 (1963), affd. 326 F.2d 760 (2d Cir. 1964).

Of paramount importance in determining whether petitioners were using the 3405 house as their principal residence by January 31, 1992, is Mr. Skorniak's admission to Ms. Richards on June 1, 1993, that petitioners moved into the 3405 house in May or June 1992.  That admission is borne out by additional facts we have found based on other portions of the record herein.  We have found that there was construction work with respect to the interior of the 3405 house that was in progress during January 1992 and/or was not completed by January 31, 1992, including (1) sheetrocking, taping, texturing, and painting the walls and ceilings; (2) installing the flooring, including carpets and tiles; and (3) installing soffits in the recreation room.  We have also found that there was construction work with respect to the exterior of the 3405 house that was not completed by January 31, 1992, including certain unspecified work relating to its outside structure that was done after January 31, 1992, pouring concrete for its front steps that was done during February 1992, pouring concrete for its driveway that was done after February 1992, and installing its garage door that was done during April or May 1992.

We have also found that on February 20, 1992, Portland General Electric connected the electricity service, and on Febru-

ary 22, 1992, the city of Salem connected the water service, to the 3405 house and that although Northwest Natural Gas Company connected the gas service to that house on January 29, 1992, that service was not used by petitioners until some time after January 31, 1992. We have further found that the number 10-gauge wire that was connected from the 3395 residence to the 3405 house was installed primarily for the purpose of operating power tools during the course of the construction of the 3405 house and did not provide adequate power for the entire house. Although we have also found that, as of January 31, 1992, Mr. Skorniak had connected a water pipe from the 3395 residence to the 3405 house and that, as of that date, there were a wood-burning stove and portable electric heaters located in that house, petitioners have failed to persuade us that, as of January 31, 1992, those items provided adequate water and heating for the 3405 house.

Additional facts we have found that bear out Mr. Skorniak's admission to Ms. Richards that petitioners moved into the 3405 house in May or June 1992 are that (1) petitioners resided at and used the 3395 residence before and after January 31, 1992, during the course of the construction of the 3405 house; (2) as of January 31, 1992, and for an unspecified period of time there-after, (a) petitioners continued to receive mail at the 3395 residence, (b) their personal possessions, including furniture, were located at the 3395 residence, and (c) they continued to use

the laundry facilities at the 3395 residence; and (3) petitioners ceased operating the 3395 residence as rental property from July 1989, when they moved from San Jose to Salem and began occupying that residence, until June 1992, when they resumed leasing it.

Based on our review of the entire record before us, we find that petitioners have failed to establish that, as of January 31, 1992, they were using the 3405 house as their principal residence. Accordingly, we sustain respondent's determination relating to section 1034.

To reflect the foregoing and petitioners' concessions,

<u>Decision will be entered for</u>

<u>respondent</u>.